IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN BROWN, | ) | CIVIL ACTION |
| Plaintiff | ) ) ) | NO. 03-224E |
| Vs. | ) ) ) | |
| COST COMPANY, | ) ) ) | |
| Defendant | ) | |

## DEFENDANT, COST COMPANY'S RESPONSE
## TO PLAINTIFF'S MOTION FOR NEW TRIAL

Defendant, Cost Company ("Cost"), by and through its attorneys, LUTZ PAWK & McKAY and MICHAEL J. PAWK, ESQUIRE, files this Response to Plaintiff's Motion for New Trial Pursuant to F.R.C.P. 59, and, in support thereof, avers as follows:

1.  The averments of Paragraph 1 of Plaintiff's Motion are admitted.

2.  The averments of Paragraph 2 of Plaintiff's Motion are admitted. By way of further Answer, the jury specifically found that the Plaintiff had failed to prove "job availability" and, therefore, that Brown had failed to prove a prima facie case as set forth in McDonnell Douglas Corp. v. Green, 411 U. S. 792 (1973). In Plaintiff's Motion for New Trial, she alleges the Court committed error in three areas: first, by refusing to permit Plaintiff from introducing statistical evidence regarding Cost's workforce and the percentage of females employed by Cost; second, in the manner in which Cost phrased the second special interrogatory; and third, by granting Cost's Motion in Limine with respect to the introduction of evidence regarding Franco, a separate corporate entity.

The District Court's inquiry in evaluating a motion for new trial on the basis of trial error is twofold; it must first determine whether error was made in the course of the trial and then must determine whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice. Farra v. Stanley – Bostitch, Inc., 838 F.Supp. 1021 (E.D. Pa. 1993); Montgomery County v. MicroVote Corp., 152 F.Supp.2d 784 (E.D. Pa. 2001), affirmed 320 F.3d 440 (3rd Cir. Pa. 2003). A motion for new trial on the issues that the jury did not reach will not be granted. Id. Where the contention for a new trial is based on the admissibility of evidence, the trial court has great discretion which will not be disturbed on appeal absent a finding of abuse. Rutter v. Rivera, 191 F. Supp.2d 584 (E.D. Pa. 2002); Link v. Mercedes Benz of North America, Inc., 788 F.2d 918 (CA.3 Pa. 1986). A motion for new trial will not be granted where it was not shown that the jury was confused or mislead by special interrogatories. Shushereba v. R. B. Industries, Inc., 104 F.R.D. 524 (W.D. Pa. 1985). Absent showing a substantial injustice or prejudicial error, a new trial is not warranted and it is the court's duty to respect a plausible jury verdict. Corrigan v. Methodist Hosp., 234 F. Supp.2d 494 (E.D. Pa. 2002). Even if the Court erred in its rulings at trial, a new trial will not be ordered where the errors constitute harmless errors. Id. Trial errors are considered harmless where it is highly probable that the error did not affect the outcome of the case. Id. Unless a substantial right of a party is affected, a non-constitutional error in a civil case is harmless. Id.

3. The averments of Paragraph 3 of Plaintiff's Motion are admitted.

4. The averments of Paragraph 4 of Plaintiff's Motion are admitted.

5.  The averments of Paragraph 5 of Plaintiff's Motion are denied. It is denied that Brown adduced evidence as to all four elements of the required prima facie case. To the contrary, the jury clearly found that Brown failed to present credible evidence that a job opening was available at the time she applied. Specifically, the jury answered "no" to special interrogatory No. 2, which reads as follows, "Do you find that Plaintiff, Kathleen Brown, has proven by a preponderance of the evidence that a laborer position was available at Cost Company when she applied." Therefore, Brown failed to present sufficient prima facie evidence of job availability.

6.  The averments of Paragraph 6 of Plaintiff's Motion are admitted in part and denied in part. It is admitted that Brown adduced evidence of Cost's rationale for rejecting her application at the time of trial. It is denied, however, that paragraph 6 of her Motion sets forth all of the reasons for Cost's rejection of her application. Similarly, it is denied that Brown has set forth an accurate portrayal of the testimony.

7.  The averments of Paragraph 7 and subparts of Plaintiff's Motion are denied. Cost's commitment to equal employment goals, as well as the percentage of women in its workforce and Cost's compliance with its own EEO policy, has no relevance or bearing on the second and fourth elements of Brown's prima facie case. Those items might only be relevant to show the pretextual nature of Cost's rationale for not hiring Brown or to show that Cost intended to discriminate against her. Brown alleges that Cost is a "recipient of state and federal contract dollars—specifically, that Cost had a duty under the regulations of the U.S. Office of Federal Contract Compliance to increase the numbers of women in its workforce, or failing that, to demonstrate that it had taken specific, affirmative steps designed to achieve

3

that goal." At trial, Brown never provided any proof of these facts, not only in her presentation of evidence before the jury, but also in her offers of proof before Judge McLaughlin. Brown also failed to show evidence of anything that she obtained during discovery indicating that Cost's workforce decreased from 2.38 percent to 1.54 percent female, that there was a particular percentage of females employed at Cost, that Cost had affirmative obligations under particular federal guidelines, and that Cost "could not defend its failure to meet the 6.9 percent target." Not only is none of this evidence in existence, none of it is evidence of discrimination. Brown was entitled to the use of discovery prior to trial. Brown did not obtain, in discovery, evidence from any jobs other than the Marienville job. Cost policies with respect to female hiring are not specific to the Marienville job. If Brown wanted to prove discrimination by statistical evidence, Brown should have sought, in discovery, information from all Cost jobs, not just the Marienville job.

8.   The averments of Paragraph 8 of Plaintiff's Motion are admitted. By way of further Answer, this Court properly refused Brown's attempts to introduce evidence regarding Cost's minority hiring practices on other projects, as well as the Marienville Project. During the trial, this Court repeatedly informed Plaintiff's counsel that it was permitted to present such evidence provided that Plaintiff laid a proper foundation for its admission. Because Plaintiff had failed to conduct discovery and/or call appropriate witnesses to lay such a foundation, this Court properly repeatedly sustained Cost's objections to Brown's attempts to introduce this evidence. Similarly, the Court properly directed the jury, during its charge, to disregard Brown's counsel's comments during counsel's closing argument that the 162-0 disparity was relevant at trial since that evidence had been properly excluded at trial. Brown claims that the court repeatedly sustained Cost's objections to Brown's attempts to introduce

evidence of Cost's affirmative obligations under the compliance regulations, its failure to satisfy those obligations, its failure to follow its own EEO policy, and a 162 to 0 hiring disparity at Marienville. The court sustained Cost's objections not because statistical evidence is improper in a gender discrimination case, but because the statistical evidence Brown was attempting to introduce was meaningless unless a proper foundation for comparison had been established. Brown continually attempted to argue to the jury that Cost discriminated because there were 162 males hired at the Marienville site and 0 females. Brown never presented evidence of the ratio of males to females in the hiring pool. Brown called Ronald Barrett, the Business Manager of Local 952 of the Laborers International Union of North America, as her own witness in her case in chief. Brown failed to ask basic questions of Barrett concerning the number of female members in the local union. Brown failed to call any representatives from other local trade unions from whom Cost was required to hire laborers under its Collective Bargaining Agreement. Brown also failed to introduce any evidence concerning female employees at other job sites or in other positions with Cost. The court properly found that simply presenting the 162 to 0 disparity, without any basis for comparison, would be unduly prejudicial to Cost given the fact that the plaintiff has the burden of proof.

The case most on point is Carter v. Ball, 33 F.3d 450 (4th Cir. 1994). In Carter, the plaintiff, an African-American, tried to prove racial prejudice through statistical evidence. The court acknowledged that statistical evidence can be appropriate, but only when it is properly compared to the potential minority applicants in a qualified labor pool. The court stated as follows:

5

> Disparate treatment occurs when an employer treats certain people less favorably than others on the basis of a protected classification such as race. This court's broad pronouncement that statistical evidence is "unquestionably relevant" in a Title VII case cannot be read to foreclose the exclusion of evidence with little or no probative value. The usefulness of statistics depends on the surrounding facts and circumstances. In a case of discrimination in hiring or promoting, the relevant comparison is between the percentage of minority employees and the percentage of potential minority applicants in the qualified labor pool. The mere absence of minority employees in upper level positions does not suffice to prove a prima facie case of discrimination without a comparison to the relative labor pool. Moreover, if a plaintiff offers a statistical comparison without expert testimony as to methodology or relevance to plaintiff's claim, the judge may be justified in excluding the evidence. In the case at bar, Carter sought to introduce plaintiff's exhibit 50 as evidence that none of the 30 managerial positions in the Analysis Directorate of NTIC were filled by African-American personnel . . . even if we accept the assertion that none of the positions was filled by an African-American, we have found no proffer of supporting evidence relating to the pool of African-Americans qualified for those positions.

Id. at 456 (Citations Omitted).


9. The averments of Paragraph 9 of Plaintiff's Motion are admitted in part and denied in part. It is admitted that Brown was unable to present evidence sufficient to lay a proper foundation regarding the applicant pool of laborers for the SCI Project. It is further admitted that introduction of such evidence would have been highly prejudicial to Cost. The remaining averments of Paragraph 9 of Plaintiff's Motion contain conclusions of law and are therefore denied. By way of further Answer, Brown argues that the total absence of female employees at the Marienville jobsite should be sufficient statistical evidence of discriminatory motive. The Carter opinion also addresses this issue:

> Carter argues that we should infer the presence of qualified African-Americans in the labor pool because Carter himself was qualified. He also points to the "inexorable zero," i.e., the total lack of African-Americans in the Analysis Directorate, which he

> believes to be infallible proof of discriminatory motive. Carter attributes the absence of proffers on the record to the district court's "blanket exclusion" of statistical evidence. We are not persuaded by his arguments.

The court rejected this argument stating: "without evidence of how many African-Americans were qualified for positions at the level to which Carter sought to be promoted, there could be no reliable proof of under representation." Id. at 457. Other courts have held that the mere absence of minority employees in upper level positions does not suffice to prove a prima facie case of discrimination without a comparison to the relevant labor pool. Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 484 (9th Cir. 1983); see also Hagans v. Andrus, 651 F.2d 622, 627 (9th Cir. 1981) (regarding low percentage of women in high level positions as "meaningless" without evidence of pool of qualified women applicants), cert. denied 454 U.S. 859 (1981).

10. The averments of Paragraph 10 of Plaintiff's Motion are denied. Brown was not prohibited from introducing evidence of this data based on Cost's failure to maintain such records. To the contrary, Brown failed to conduct extensive discovery on this issue and has no one to blame but herself. Had Brown properly gathered discoverable information, perhaps she would have been able to lay a proper foundation for the admissibility of this evidence. Because she failed to do so, this Court's rulings were proper. Not only should Brown had been required to present evidence of the percentages of females in the union pools, Brown should also have been required to present evidence of the percentage of "applicants" on the jobsite. Brown cannot do this, because records of these "applicants" do not exist. Brown suggests that this is somehow Cost's fault. Cost has done nothing wrong regarding records it maintained of who happened to walk on the jobsite. Brown has the burden of proving her

7

case. She can prove discrimination directly, or she can attempt to prove discrimination through statistical evidence. If the evidence does not exist, that is her problem, not Cost's. She chose to file suit because she believed that Cost discriminated against her. Her inability to prove this should be visited upon her, not Cost.

11. The averments of Paragraph 11 of Plaintiff's Motion are denied. Brown was unable to establish that there was a job available on July 31, 2002. The excluded evidence had nothing to do with Brown's ability to establish job availability on July 31, 2002. Plaintiff, repeatedly, throughout her Motion, attempts to confuse these issues.

12. The averments of Paragraph 12 of Plaintiff's Motion contain conclusions of law to which no responsive pleading is required. To the extent a response is required, it is denied that the Court's decisions regarding the introduction of evidence was prejudicial to Brown's case and therefore does not constitute reversible error.

13. The averments of Paragraph 13 of Plaintiff's Motion contain conclusions of law to which no responsive pleading is required. To the extent a response is required, it is denied that the Court's pronouncement, after deciding Cost's Motion in Limine, that it would consider excluding the "Compliance Regulation/Affirmative Action evidence, as it related to Cost" was in any way procedurally improper. First, prior to the Motion in Limine, the issue was not presented to the Court. In fact, it is submitted that the Court's indication to Brown that it would consider excluding such compliance evidence, which was made prior to the start of the trial, gave Brown sufficient warning that it needed to present proper foundation evidence in order to gain admissibility of that evidence. Second, Cost objects to Brown's use of the term

"Cost's alter ego" when referring to Franco. As counsel for Brown is aware, "alter ego" is a legal term of art and Brown has used the term improperly. <u>Black's Law Dictionary</u> defines "alter ego" as a "corporation used by an individual and conducting personal business, the result being that a court may impose liability on the individual by piercing the corporate veil when fraud has been perpetrated on someone dealing with the corporation." <u>Black's Law Dictionary</u>, 7th Edition 1999. As usual, counsel for Brown is playing fast and loose with the facts, evidence and legal terms.

14. The averments of Paragraph 14 of Plaintiff's Motion contain conclusions of law to which no responsive pleading is required. To the extent a response is required, it is submitted that the case of <u>Bruno v. WB Saunders Co.</u>, 882 F.2d 760 (3rd Cir. 1989), and the others cited by Brown in Paragraph 14, are inapposite to the instant one. For example, in <u>Bruno</u>, the plaintiff presented an expert witness who prepared studies that compared whether employees of over 40 years of age receive transfers or promotions in proportion to the percentage of all employees over 40. As stated earlier, here, Brown failed to provided appropriate foundation evidence to use statistical evidence and also chose not to use an expert witness to gather and analyze this alleged statistical information. It has been held that if a plaintiff offers a statistical comparison without expert testimony as to methodology or relevance to plaintiff's claim, a judge may be justified in excluding the evidence. <u>Williams v. Cerberonics, Inc.</u>, 871 F.2d 452, 455 N.1 (4th Cir. 1989).

15. The averments of Paragraph 15 of Plaintiff's Motion are denied. It is denied that Brown's proffer of the excluded evidence was collateral to other evidence going to the

two prongs under <u>Fuentes</u>. The excluded evidence had no material relationship to whether there was job availability and that job remained open after Brown applied.

16. The averments of Paragraph 16 of Plaintiff's Motion are denied. First, the jury never reached the issue of pretext or intentional discrimination by Cost. Therefore, Brown's argument regarding the admissibility of evidence to prove such is irrelevant. Second, Brown argues that the 162-0 disparity on the Marienville Project shows that Cost failed to follow its own affirmative action plan and that this was relevant evidence to prove pretext and/or discriminatory intent. Once again, Brown fails to recognize what the Court repeatedly stated during trial that in order to be able to introduce evidence of the 162-0 disparity, Brown needed to produce evidence of the relevant applicant pool before it could make the leap to the conclusion that Cost had failed to follow its own affirmative action plan. Brown cites various cases in paragraph 16 of her Motion for the proposition that the 162 to 0 disparity is evidence of discrimination. All of her cases suggest that properly presented evidence of statistical discrimination is admissible. However, Brown never made it to that point at trial because Brown could not lay a foundation for comparison.

17. The averments of Paragraph 17 of Plaintiff's Motion are denied. Simply put, there is no evidence that cost illegally or improperly failed to maintain application data in violation of 41 CFR Section 60-41.3(7)(c). This allegation is scandalous and is a violation of F.R.C.P. 11. Cost has done nothing illegal or improper. Plaintiff has no one to blame but herself for failing to gather the relevant applicant data via Cost's records for other jobs, or the appropriate union records. In addition, Plaintiff chose not to question Ronald Barrett regarding the laborer applicant pool during the Marienville Project. Her failure to do so

should be visited upon Brown and no other party. Similarly, Brown's accusation that Cost acted "no differently than a party who knowingly destroys evidence" is also scandalous and has no evidentiary support and therefore violates F.R.C.P. 11. In paragraph 17, Brown makes unsubstantiated allegations about statistical proof of prejudice. She suggests that Brown was entitled to a spoliation inference that missing data would have been adverse to Cost and favorable to Brown. She never asked for these items in discovery, and is now suggesting to the court that the foundation evidence does not exist. She also suggests, without putting any evidence before the court, that the data, if available, would be adverse to Cost. This statement is ludicrous and has no basis whatsoever in the record.

18.     The averments of Paragraph 18 of Plaintiff's Motion contain conclusions of law to which no responsive pleading is required. To the extent a response is required, where a contention for new trial is based on the admissibility of evidence, the trial court has great discretion which will not be disturbed on appeal absent a finding of abuse. The trial court has broad discretion on ruling on a motion for new trial on the grounds of improperly admitted or excluded evidence. . .and this broadened discretion is exemplified by the fact that in ruling on a motion for new trial, the trial court is permitted to consider credibility of witnesses and weigh evidence. Griffiths v. CIGNA Corp., 857 F. Supp. 399, affirmed 60 F.3d 814 (E.D. Pa. 1994); Link v. Mercedes-Benz of North America, Inc., 788 F.2d 918 (C.A.3 Pa. 1986).

In paragraph 18, Brown cites language from Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 (3rd Cir. 1996), suggesting that this court should give great deference to plaintiff's attempting to prove discrimination through statistical evidence. Had Brown properly conducted discovery, Brown's attorney would not have been involved in a fishing expedition

at the trial. Brown is unable to show this court now, and was unable to show the court at trial, what statistical evidence of discrimination he is talking about. Had Brown conducted proper discovery, perhaps he could have found some appropriate statistical evidence, or perhaps she could not have. Cost believes that no such evidence exists, and therefore would never have been found.

19.   The averments of Paragraph 19 of Plaintiff's Motion contain conclusions of law to which no responsive pleading is required. Brown cites Glass v. Philadelphia Electric Co., 34 F.3d 188 (3rd Cir. 1994), for the proposition that the Third Circuit disapproves of the practice of excluding evidence in discrimination cases. What Brown fails to point out is that the Court in Glass held that because plaintiff Glass had introduced sufficient evidence to establish a prima facie case, the court erred in excluding evidence proffered to prove intentional discrimination. The Court found that the preclusion of the evidence deprived Glass of a full hearing on the issue of pretext and was, therefore, not harmless error. Id. 34 F.3d at 195. As stated earlier, in the instant case, the jury found that Brown failed to provide sufficient evidence to establish a prima facie case. Accordingly, even if this Court believes it has committed error in precluding the statistical evidence proffered by Brown, the error was harmless in that the jury never reached the issue of whether Cost's reasons for not hiring Brown were pretextual. Therefore, the holding in Glass is inapplicable here.

20.   The averments of Paragraph 20 of Plaintiff's Motion contain conclusions of law to which no responsive pleading is required.

21. The averments of Paragraph 21 of Plaintiff's Motion contain conclusions of law to which no responsive pleading is required.

22. The averments of Paragraph 22 of Plaintiff's Motion are admitted in part and denied in part. It is admitted that the jury found, at the second special interrogatory of the verdict slip, that Brown failed to establish the existence of an open position for laborer when she applied for employment with Cost. The remaining averments of Paragraph 22 of Plaintiff's Motion are denied. Brown's contention that the jury decision regarding this second special interrogatory was not based on its failure to believe Brown is pure speculation and there is no evidence to show what testimony the jury believed or did not believe.

23. The averments of Paragraph 23 of Plaintiff's Motion are denied. Brown, now, because it failed to prove job availability, argues that evidence of job availability was solely in Cost's possession. This argument is false and misleading and is not based on the evidence of record. Brown fails to acknowledge, at all times relevant and material hereto, a major weakness of its case was its ability to prove job availability. In paragraph 23, Brown attempts to cast dispersions upon the credibility of Cost's witnesses. Brown chose to pursue her case through an unusual method of cross-examining employees of the defendant instead of presenting witnesses on her own behalf. Just because Brown could not make her case through this method does not mean that a case exists. It was up to her to prove discrimination, and she failed to do so.

24. The averments of Paragraph 24 of Plaintiff's Motion contain conclusions of law to which no responsive pleading is required. Again, the evidence that Brown sought to

introduce had no relevance to the issue of job availability and therefore did not adversely affect the outcome of the trial.

25. The averments of Paragraph 25 of Plaintiff's Motion are denied. There was nothing improper regarding the special interrogatories sent to the jury. It was Plaintiff's contention that she appeared on the jobsite on July 31, 2002 and applied for a laborer's position with Cost. Now, Brown argues that the special interrogatory presumably should have been phrased such that a job was available on July 31, 2002 <u>or any time thereafter</u>. In other words, Plaintiff argues that the second interrogatory should have been "open ended or not restricted to job availability on the date in which Kathleen Brown applied, July 31, 2002." This would be improper and not in accordance with the law or the facts of this case. <u>Fuentes v. Perskie</u>, 32 F.3d 759 (3rd Cir. 1994). The evidence was clear that Cost's labor needs changed on a daily basis. It would have been improper to charge the jury that if an opening arose some time after she applied on July 31, 2002, that Plaintiff established her prima facie burden of proving job availability.

26. The averments of Paragraph 26 of Plaintiff's Motion are denied. Once again, Cost objects to the use of the term "alter ego" in referring to Franco and furthermore objects to Brown's characterization as a "knowing and cynical manipulator of federal equal employment goals." Brown's characterization of Cost is scandalous, outrageous and not supported by the facts and evidence of this case. Again, Plaintiff's counsel has made false representations to this Court and therefore violates F.R.C.P. 11. The Court's ruling on Cost's Motion in Limine was appropriate in that Franco, a totally separate corporate entity of Cost was not a party to this litigation and, therefore, any evidence regarding Franco's hiring

practices were totally irrelevant with respect to whether Cost discriminated against Brown on the basis of gender.

WHEREFORE, Defendant, COST COMPANY, respectfully requests that this Court deny Plaintiff's Motion for New Trial.

                                                Respectfully submitted,

                                                LUTZ PAWK & McKAY

                                                Michael J. Pawk, Esq.
                                                Atty. For Defendant
                                                Pa. ID 54413
                                                THE MORGAN CENTER BUILDING
                                                SUITE 102
                                                101 E. DIAMOND STREET
                                                BUTLER, PA  16001
                                                (724)285-3400

## CERTIFICATE OF SERVICE

I, **MICHAEL J. PAWK, ESQUIRE,** hereby certify that a true and correct copy of the foregoing **DEFENDANT, COST COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL** was served on the following on this the _20_ day of July 2005, **VIA REGULAR FIRST-CLASS MAIL:**

Richard S. Matesic, Esquire
Attorney at Law
1007 Mount Royal Blvd.
Pittsburgh, PA   15223

                                                                                  _____
                                                                                  Michael J. Pawk, Esq.
                                                                                  Atty. For Defendant
                                                                                  Pa. I.D. 54413
                                                                                  THE MORGAN CENTER BUILDING
                                                                                  SUITE 102
                                                                                  101 E. DIAMOND STREET
                                                                                  BUTLER, PA  16001
                                                                                  (724)285-3400

Law Offices

# LUTZ, PAWK & McKAY

Lawrence P. Lutz
Michael J. Pawk
Craig R. McKay *

Lori Kornfeld Doerr

* also admitted in West Virginia

Reply to: Butler Office

lpm@zoominternet.net

July 20, 2005

**VIA FEDERAL EXPRESS**

Office of the Clerk
United States District Court
Western District of Pa. – Erie
17 South Park Row
Erie, PA  16501

    RE:   **Kathleen Brown v. Cost Company**
            **Civil Action No. 03-224E, U. S. District Court, Western District**

To Whom It May Concern:

    Please file the enclosed Response to Plaintiff's Motion for New Trial on behalf of Cost Company.  Please date and time stamp the enclosed cover page and return it to me in the envelope provided.

    Thank you.

                                                 Very truly yours,

                                                 LUTZ PAWK & McKAY

                                                 Michael J. Pawk

MJP/jg
Enclosures

    cc:   The Honorable Sean J. McLaughlin
            Cost Company
            Richard Matesic, Esquire